# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RYAN PARKS,

    Plaintiff,

-vs.-

DTE ENERGY,

    Defendant.

Case No.2:25-cv-       -GC
Hon.:
Magistrate Judge:

_____/

**PREMIER LEGAL GROUP, PLLC**
**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

_____/

## PLAINTIFF'S COMPLAINT

There is no other pending or resolved action within the jurisdiction of the civil division of the Federal District Court involving the parties who are the subject of the complaint.

    /s/JERARD M. SCANLAND
    **JERARD M. SCANLAND**
    **Attorney For Plaintiff**

**COMES NOW THE** Plaintiff, **RYAN PARKS,** through his attorneys the law firm of PREMIER LEGAL GROUP, PLLC and by his respective attorney Jerard M. Scanland and in support of Plaintiff's Complaint And Jury Demand, states the following:

## JURISDICTION

1. This action is brought by the United States (hereinafter Plaintiff), against DTE Energy (hereinafter Defendant), to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C. §2000e-6, 28 U.S.C. §§ 1331 and 1345.

3. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

## VENUE

4. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Defendant is a Michigan Corporation, licensed to conduct business in the state of Michigan, and has a workforce of approximately 9,500 employees. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a).

6. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

7. Plaintiff is an individual who resides in the County of Wayne and State of Michigan.

8. The events out of which this controversy arose occurred in the Eastern District of Michigan.

9. The amount in controversy exceeds $75,000.00.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 and § 1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367 if any exist.

## Background Facts

11. . On November 03, 2023, Ryan Parks filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Defendant discriminated against him in violation of the ADA by denying him a reasonable accommodation.

3

12. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. §12117(a), the EEOC investigated Plaintiff's charge and provided the Plaintiff with a Right To Sue letter on August 25, 2025.

13. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2. Plaintiff has a physical disability that substantially limits, at minimum, his major life activities of, lifting, bending, and partaking in any strenuous activity.

14. On October 24, 2022, Mr. Parks began working as a Maintenance Fitter Apprentice with DTE Gas Company. He went out on a short-term disability (STD) leave on January 9, 2023. He remained on STD until June 9, 2023 when he became eligible to apply for long term disability (LTD).

15. On January 6, 2023, the Plaintiff had a medical emergency that was due to his disability. The Plaintiff was hospitalized and went on medical leave.

16. On or around March 8, 2023, Plaintiff was released and permitted to return to work.

17. The Plaintiff provided medical documentation to DTE that advised that he was more than capable of returning to work.

18. The Plaintiff requested an accommodation that permitted him to drive one of DTE's pick-up trucks, or that he be permitted to ride in a DTE truck with another individual. DTE refused both requests.

19. The Plaintiff was not permitted to return to work.

20. Plaintiff began applying for jobs within DTE's system that were posted on the DTE's job search website.

21. There were jobs within DTE that identified several vacant positions to which Plaintiff could apply. The position did not match his current pay or skill set.

22. Despite his qualifications, he was not interviewed or selected for any of them.

23. DTE never gave Plaintiff priority for placement into a vacant position as a result of his medical restrictions and reasonable accommodation request.

24. Defendant also has a policy on the ADA and reasonable accommodations for employees with disabilities, which is encompassed in Section 10.13 of the CBA:

Section 10.13. Incapacitated Employee.

> a. Placement of Incapacitated Employees. It is recognized that some employees may become unable to do their regular work because of ill health or because of an incapacity arising out of and in the course of employment with the Company. In any such case, the Company shall attempt to place an employee at other work the employee can satisfactorily perform in the Company in a job classification having a pay rate as close as possible to that of his/her regular job. Such a job search will be conducted for a period of twenty (20) working days prior to terminating an employee due to incapacitation. Said job search shall include all approved open and unfilled position requisitions (posted jobs, approved unfilled requisitions and those positions open to the public).

25. Defendant must provide "...reasonable accommodation to employees with disabilities, if that is needed to enable them to perform their job duties. Employees may request such an accommodation by contacting their immediate supervisor..."

26. Defendant never offered Plaintiff a transfer or reassignment as a reasonable accommodation, nor was Plaintiff given priority for placement into any vacant position.

## CAUSE OF ACTION

### Count-I

### Title I of the Americans with Disabilities Act (Individual Claim)

27. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

28. Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

29. At all times material hereto, Plaintiff was an employee and Defendant her employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a)

6

30. Reasonable accommodations include, but are not limited to, reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

31. Ryan Parks is a 'qualified individual under the ADA, as he suffers from heart disease and had a medical device installed. The medical device monitors his heart rate.

32. The term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

33. As a result of Plaintiff's disability he is not able to run a marathon, participate in intensive cardio workouts, or lift heavy objects.

34. Defendant failed to provide Plaintiff a reasonable accommodation, including but not limited to a reassignment to a vacant position within the Defendant's organization where such an accommodation was available. . 42 U.S.C. §§ 12112(a) and (b); 29 C.R.F. § 1630.9.

35. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

36. The scope of the ADA's definition of disability is intended to be expansive: the ADA Amendments Act of 2008 added rules of construction that the definition of disability should "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A); see also 29 C.F.R. § 1630.1(c)(4).

37. The Plaintiff made the Defendant aware of his disability on or around March 8, 2023.

38. The Plaintiff then informed the Defendant that he needed to exercise short term leave as a result of the disability, but when he returned he could work and perform his typical work functions.

39. The Defendant failed to engage in the interactive process and did not offer any reasonable alternative accommodations.

40. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, demote, increase Plaintiff's responsibilities, and then terminate his employment.

41. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

42. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

43. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

44. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment

for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## Count II -

## Title I of the Americans with Disabilities Act

## (Pattern or Practice Claim)

45. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

46. Defendant's policy that employees with disabilities must be best qualified for a vacant position when reassignment is a necessary accommodation as described in this Complaint constitutes a pattern or practice of discrimination on the basis of disability in violation of 42 U.S.C. §§ 12112(a) and (b). *See* 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6.

47. Unless restrained by order of this Court, Defendant will continue to pursue this policy as alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court:

>(a) Grant judgment in favor of the Planitiff and declare that Defendant has violated Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, and its accompanying regulation;

(b) Require Defendant to modify its policies, practices, and procedures so as to bring its employment practices into compliance with Title I of the ADA and its accompanying regulation, including but not limited to:

    (i) eliminating the application of the "best qualified" standard when considering reassignments as a reasonable accommodation; and

    (ii) implementing a policy to reassign employees with disabilities to vacant positions for which they are qualified without competition for the position, when no accommodation is available in the current job.

(c) Order Defendant to train its supervisors and human resource staff regarding the requirements of the ADA;

(d) Enjoin Defendant from failing or refusing to take other appropriate measures to overcome the effects of its discriminatory policies and practices;

(e) Award Plaintiff, and other affected individuals, where applicable:

    (i) back pay with interest;

    (ii) front pay;

    (iii) out of pocket medical expenses;

    (iv) back benefits, including matching contributions and adjusted retirement dates with all associated rights and benefits;

    (v) restoration of leave;

    (vi) compensatory damages, including damages for pain and suffering, for injuries suffered as a result of Defendant's failure to comply with the

requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(f) Order such other appropriate relief as the interests of justice require.

Dated: October 31, 2025                 Respectfully Submitted,

**PREMIER LEGAL GROUP, PLLC**

*[signature]*

**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

12